MEMORANDUM *
Defendant-appellant Theresa Fisher contends that the district court committed several errors that individually and cumulatively created sufficient prejudice to warrant a new trial. We disagree and therefore affirm her conviction.
1. We agree with Fisher that the district court should not have admitted the portion of Lindsay Hardgraves’ confession that inculpated Fisher. Because Hard-graves did not testify at trial, admission of that portion of her confession violated Fisher’s Confrontation Clause rights. See *494 Bruton v. United States, 391 U.S. 123, 126, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). However, Fisher did not object to admission of this evidence at trial, so we may review only for plain error. Even assuming that the error was clear and obvious, Fisher cannot show that admission of this evidence affected her substantial rights. See United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). The government’s case against Fisher was strong, predicated in part on the following evidence: testimony by five witnesses who claimed to have been coached by Fisher; testimony by a co-conspirator that both she and Fisher were pressured to bring in patients for insurance-covered procedures; forged doctors’ notes with Fisher’s handwriting; text messages between Fisher and patients regarding insurance coverage for cosmetic procedures; and recordings of Fisher on the phone with one of the patients discussing insurance coverage. This evidence overwhelmingly implicated Fisher in the mail fraud scheme. As a result, we cannot say that the Bruton error affected Fisher’s substantial rights.
2. The videotape of Fisher’s meeting with the undercover agent was admissible, notwithstanding the government’s erroneous hearsay objection. We will assume that Fisher properly sought to introduce the videotape. Nonetheless, we conclude that exclusion of the tape was harmless error given the government’s strong case against Fisher.
Even when combined with the Bruton error mentioned above, the error in excluding the videotape does not warrant a new trial. The government has shown, based on the strength of the evidence presented at trial, that it is more probable than not that these two errors “did not materially affect the verdict.” See United States v. Gonzalez-Flores, 418 F.3d 1093, 1099 (9th Cir. 2005).
3. The district court did not err in giving a deliberate avoidance instruction. A deliberate avoidance instruction may be given when a criminal statute requires that the defendant acted “knowingly,” as is the case here. See United States v. Jewell, 532 F.2d 697, 702-04 (9th Cir. 1976) (en banc). Fisher argues that the jury might have convicted her merely upon finding that she deliberately avoided learning that the procedures were not medically necessary, without also finding that she knew the procedures were fraudulently billed to insurance companies. This argument ignores the fact that the jury was required to find that Fisher acted with an “intent to defraud” in addition to finding that she acted knowingly. In order to find an intent to defraud, the jury must have found that Fisher intended to defraud someone or something, and in this case that was the insurance companies.
4. Fisher contends that under Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the jury was inquired to find the facts that form the basis for the restitution determination. This argument is foreclosed by our decisions in United States v. Green, 722 F.3d 1146, 1149 (9th Cir. 2013), United States v. Eyraud, 809 F.3d 462, 471 (9th Cir. 2015), and United States v. Alvarez, — F.3d —, 2016 WL 4547362 (9th Cir. Sept. 1, 2016), As we noted in Eyraud, Apprendi does not apply to restitution orders, and Paroline v. United States, — U.S. —, 134 S.Ct. 1710, 1726, 188 L.Ed.2d 714 (2014), does not discredit that holding. 809 F.3d at 471.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.